1  JOSHUA E. KIRSCH (179110)
   SEAN D. ROSS (351924)
2  GIBSON ROBB & LINDH LLP
   1255 Powell Street
3  Emeryville, California 94608
   Telephone:  (415) 348-6000
4  Facsimile:  (415) 348-6001
   Email:      jkirsch@gibsonrobb.com
5              sross@gibsonrobb.com

6  Attorneys for Plaintiff
   CONTINENTAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONTINENTAL INSURANCE COMPANY, a corporation,<br><br>Plaintiff,<br><br>v.<br><br>BEST BAY LOGISTICS, INC., a corporation; N&J TRANSPORT LLC, a limited liability company; AJIR TRANSPORT CORP., a limited liability company; MILLIONS L.L.C., a limited liability company; and DOE ONE through DOE TEN,<br><br>Defendants. | Case No. 2:25-cv-05502<br><br>**COMPLAINT FOR DAMAGES (NON-DELIVERY OF CARGO)**<br><br>1. **Carmack Amendment Liability**<br>2. **Breach of Contract**<br>3. **Negligence**<br>4. **Bailment** |

/ / /

/ / /

/ / /

/ / /

/ / /

Plaintiff, by and through its undersigned counsel, hereby brings this Complaint for damages against the Defendants, and each of them, and alleges the following on information and belief:

## GENERAL ALLEGATIONS

1. Plaintiff CONTINENTAL INSURANCE COMPANY ("CONTINENTAL") is now, and at all material times was, a corporation duly formed and existing under Pennsylvania law with a principal place of business located at 151 North Franklin Street, Chicago, IL 60606 and the insurer of the cargo of 25,000 curling irons owned by Beachwaver Co. ("Beachwaver") that is the subject of this action (the "Cargo").

2. Defendant BEST BAY LOGISTICS, INC. ("BBL") is now, and at all material times was, a corporation duly formed and existing under Illinois law with a principal place of business located at 125 South Wacker Drive, Chicago, IL 60606 engaged in business as a motor truck cargo broker and/or common carrier for hire.

3. Defendant N&J TRANSPORT LLC ("N&J") is now, and at all material times was, a limited liability company duly formed and existing under Nevada law with a principal place of business located at 1141 Laguna Park Ct., Las Vegas, NV 89110 engaged in business as a common carrier for hire.

4. Defendant AJIR TRANSPORT CORP. ("AJIR") is now, and at all material times was, a corporation duly formed and existing under California law with a principal place of business located at 4701 Live Oak St., Apt. 7, Cudahy, CA 90201 engaged in business as a common carrier for hire.

5. Defendant MILLIONS L.L.C. ("MILLIONS") is now, and all material times was, a limited liability company duly formed and existing under California law with a principal place of business located at 1611 S. Anderson Ave., Compton, CA 90220 engaged in business as a warehouseman for hire.

/ / /

/ / /

6. The true names of defendants sued herein as DOE ONE through DOE TEN, each of whom is or may be responsible for the events and matters herein referred to, and each of whom caused or may have caused or contributed to the damage herein complained of, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff will amend its complaint to show the true names of said defendants when the same have been ascertained.

7. On or about October 31, 2023, the Cargo arrived at the Port of Long Beach after being imported from Yantian, China, and was transferred to Defendant MILLIONS's warehouse located at 1611 S. Anderson Ave., Compton, CA 90220.

8. An agent of Beachwaver then hired Defendant BBL on or about November 6, 2023, to arrange for the Cargo to be transported by motor truck from 1611 S. Anderson Ave., Compton, CA 90220 to Beachwaver's facility at 3800 Hawthorne Court, Waukegan, IL 60087.

9. Defendant BBL then solicited bids for carriage of the Cargo on an online public load board, ultimately awarding the carriage to a person/entity who claimed to be Herrera Transport, LLC.

10. However, the person/entity to whom Defendant BBL awarded carriage of the Cargo was not Herrera Transport, LLC; rather, it was an imposter masquerading as Herrera Transport, LLC through means that Defendant BBL reasonably should have been able to detect.

11. After receiving the shipping documents for the Cargo from BBL, the imposter then re-listed the Cargo on the same online public load board to lure careless and/or unscrupulous motor carriers into agreeing to transport the Cargo on the imposter's behalf.

12. Defendant N&J responded to the imposter's listing and agreed to transport the Cargo on behalf of the imposter, who instructed Defendant N&J to divert the Cargo to 1000 North Main St., Los Angeles, CA 90012.

///

13. Defendant N&J, despite never receiving a tender agreement, load confirmation, or any other shipping documents concerning the Cargo, and despite only being licensed as a motor carrier and not as a freight broker, then tendered the carriage of the Cargo to Defendant AJIR.

14. Defendant AJIR's driver, pursuant to the imposter's instructions relayed through Defendant N&J, arrived at Defendant MILLIONS's, signed a copy of a delivery order for the Cargo provided by MILLIONS, took possession of the Cargo, and carried it away to 1000 North Main St., Los Angeles, CA 90012 as instructed by the imposter despite the only delivery address listed on the delivery order for the Cargo being 3800 Hawthorn Ct., Waukegan, IL 60087, and despite not being provided with any shipping documents authorizing delivery to 1000 North Main St., Los Angeles, CA 90012.

15. Upon arrival at 1000 North Main St., Los Angeles, CA 90012, Defendant AJIR's driver was directed to drop the Cargo not at the storage facility located at that address, but rather at an adjacent dirt lot where Defendant AJIR's driver allowed the Cargo to then be transloaded into several waiting box trucks.

16. The Cargo was thereafter lost in its entirety, no part of which has been recovered.

17. The commercial invoice value of the Cargo was no less than $389,197; the cost of freight was no less than $9,685; and the customs duty was no less than $16,279.55.

18. Prior to the shipment of the Cargo and any loss thereto, Plaintiff CONTINENTAL issued its policy of insurance whereby CONTINENTAL agreed to indemnify the owners of the Cargo, and their assigns, against loss of or damage to the Cargo while in transit, including mitigation expenses, and CONTINENTAL therefore became obligated to pay (and has paid) no less than $415,161.55 to Beachwaver on account of the herein described loss; CONTINENTAL is, therefore, the contractual and equitable subrogee of Beachwaver to the extent of the amount

paid pursuant to the policy.

**JURISDICTION & VENUE**

19. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a) because the claims alleged in this Complaint against Defendants N&J and AJIR for loss of the Cargo arise under the Carmack Amendment to the Interstate Commerce Act (49 U.S.C. § 14706), a federal statute of the United States, and the remaining claims alleged in this Complaint arise out of the same nucleus of operative facts as the Carmack Amendment claims so as to form part of the same case or controversy.

20. This Court has specific personal jurisdiction over Defendants BBL and N&J because each has purposefully availed itself of the privilege of doing business within California and thus has sufficient minimum contacts with California (which this action arises out of and/or relates to) that this Court's exercise of personal jurisdiction would not offend traditional notions of fair play and substantial justice.

21. This Court has general personal jurisdiction over Defendant AJIR because Defendant AJIR is a California corporation with a principal place of business within California.

22. This Court has general personal jurisdiction over Defendant MILLIONS because Defendant MILLIONS is a California corporation with a principal place of business within California.

23. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this action occurred within the bounds of this judicial district.

**FIRST CLAIM FOR RELIEF: CARMACK AMENDMENT LIABILITY**
**(Against Defendants N&J TRANSPORT LLC, AJIR TRANSPORT CORP., and DOE ONE through DOE TEN)**

24. Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 23 as if fully set forth herein.

25. Defendants N&J and AJIR each held themselves out to the world as motor carriers for hire and, in that capacity, each agreed to deliver the Cargo to its intended destination in the same good order and condition as when received.

26. Defendants N&J and AJIR received the Cargo for carriage in good order and condition and in suitable packaging for the intended carriage.

27. Defendants N&J and AJIR, however, did not deliver the Cargo to its intended destination in the same good order and condition as when received, and instead failed to deliver the Cargo to its intended destination at all.

28. The loss of the Cargo was caused by the negligent acts and/or omissions of Defendants N&J and AJIR and was not caused by any of the recognized exceptions to motor carrier liability for loss or injury to cargo under the Carmack Amendment (act of God, act of the public enemy, act of public authority, fault of the shipper, inherent vice of the goods).

29. Defendants N&J and AJIR are therefore liable under the Carmack Amendment to the Interstate Commerce Act (49 U.S.C. § 14706) for the in-transit loss of the Cargo, the value of which was no less than $389,197, plus freight (no less than $9,685) and customs duty (no less than $16,279.55).

30. Plaintiff has therefore been damaged in an amount no less than $415,161.55, no part of which has been paid, despite demand therefor.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CLAIM FOR RELIEF: BREACH OF CONTRACT
**(Against Defendants BEST BAY LOGISTICS, INC., MILLIONS WAREHOUSE LLC, and DOE ONE through DOE TEN)**

31. Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 30 as if fully set forth herein.

/ / /

/ / /

/ / /

32. Defendant BBL agreed, in exchange for good and valuable consideration (a sum of money), to arrange for the Cargo to be carried by motor truck from 1611 South Anderson Ave., Compton, CA 90220 to Beachwaver's facility at 3800 Hawthorne Court, Waukegan, IL 60087.

33. As an express and/or implied term of aforesaid agreement, Defendant BBL was bound to:

    (a)    tender the carriage to a federally licensed motor carrier;

    (b)    vet and verify the identity, operating authority, safety rating, and insurance status of the entity to whom the carriage was tendered; and

    (c)    contract only with the carrier that will actually transport the shipment.

34. Defendant BBL did not, however, tender the carriage to a federally licensed motor carrier, nor did it vet or verify the identity, operating authority, safety rating, and insurance status of the entity to whom it tendered the carriage; instead, and in breach of the aforesaid agreement, BBL tendered the carriage and provided proprietary load documents concerning the Cargo to an imposter masquerading as a federally licensed motor carrier.

35. Defendant MILLIONS agreed, in exchange for good and valuable consideration (a sum of money), to store, protect, safeguard, and maintain the Cargo, and to deliver the Cargo into the custody of the person/entity entitled to receive it.

36. Defendant MILLIONS breached the aforesaid agreement by releasing the Cargo into the custody of Defendant AJIR, who was not duly authorized to take possession of the Cargo, despite Defendant AJIR lacking any shipping documentation that indicated that AJIR was duly authorized to take possession of the Cargo.

/ / /

37. The Cargo was lost in its entirety as a factual and foreseeable result of the respective breaches by Defendants BBL and MILLIONS, causing Plaintiff to incur damages in the amount of $415,161.55, no part of which has been paid despite demand therefor.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION: NEGLIGENCE
**(Against Defendant BEST BAY LOGISTICS, LLC, MILLIONS WAREHOUSE LLC and DOE ONE through DOE TEN)**

38. Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 37 as if fully set forth herein.

39. By undertaking to arrange for the Cargo to be carried by motor truck from 1611 South Anderson Ave., Compton, CA 90220 to Plaintiff BEACHWAVER's facility at 3800 Hawthorne Court, Waukegan, IL 60087, Defendant BBL assumed a duty of ordinary and reasonable care toward Plaintiffs with respect to the Cargo.

40. Defendant BBL breached its duty of ordinary and reasonable care by, among other acts and/or omissions:

    (a) failing to properly vet and verify the identity, operating authority, safety rating, and insurance status of the person/entity to whom it tendered the carriage;

    (b) failing to properly vet and verify the identity, operating authority, safety rating, and insurance status of the person/entity actually picking up the Cargo; and

    (c) failing to safeguard information about the Cargo.

41. By undertaking to store, protect, safeguard, and maintain the Cargo, and to deliver the Cargo into the custody of the person/entity entitled to receive it, Defendant MILLIONS assumed a duty of ordinary and reasonable care toward Plaintiffs with respect to the Cargo.

42. Defendant MILLIONS breached its duty of ordinary and reasonable care by releasing the Cargo into the custody of a person/entity who was not duly authorized to receive it, despite that person/entity failing to present to MILLIONS any shipping documents showing authorization to receive the Cargo.

43. As a direct and foreseeable result of the negligent acts and/or omissions Defendants BBL and MILLIONS, the Cargo was lost in its entirety.

44. Plaintiff has consequently been damaged in the sum of $415,161.55, no part of which has been paid, despite demand therefor.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION: BAILMENT

**(Against Defendant MILLIONS L.L.C. and DOE ONE through DOE TEN)**

45. Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 44 as if fully set forth herein.

46. In receiving and agreeing to store, protect, safeguard, and maintain the Cargo, and to deliver the Cargo into the custody of the person/entity entitled to receive it as set forth above, Defendant MILLIONS acted as a bailee for hire, setting up a bailment agreement as a matter of law.

47. Thereafter, in breach of and in violation of said agreement, Defendant MILLIONS did not deliver the Cargo in the same good order and condition as when received to the person/entity entitled to take possession of it; to the contrary, MILLIONS delivered the Cargo into the custody of a person/entity who was not entitled to take possession of it, and the Cargo was thereafter lost in its entirety.

48. Consequently, Defendant MILLIONS failed to deliver the Cargo, causing a loss of $415,161.55, no part of which has been paid, despite demand therefor.

/ / /

/ / /

/ / /

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as to each cause of action as follows:

1. For economic damages in the amount of $415,161.55;
2. For prejudgment interest;
3. For costs of suit herein incurred; and
4. For such other and further relief as the Court may deem proper.

Dated: June 17, 2025               Respectfully submitted,

                                   GIBSON ROBB & LINDH LLP


                                   /s/ SEAN D. ROSS
                                   Sean D. Ross
                                   sross@gibsonrobb.com
                                   Attorneys for Plaintiff
                                   CONTINENTAL INSURANCE COMPANY